FRANCIS v. McNEAL.

(Circuit Court of Appeals, Third Circuit. May 4, 1909.)

No. 37.

BANKRUPTCY (§ 455*)—APPEAL—APPEALABLE ORDERS.

An order of a court of bankruptcy adjudging an individual to be a member of a bankrupt partnership and liable for its debts is not appealable, under Bankr. Act July 1, 1898, c. 541, § 25a, 30 Stat. 553 (U. S. Comp. St. 1901, p. 3432).

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 455.*

Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

Appeal from the District Court of the United States for the Eastern District of Pennsylvania.

Henry J. Scott, for appellant.

Edgar J. Pershing and G. W. Pepper, for appellee.

Before GRAY and BUFFINGTON, Circuit Judges, and BRADFORD, District Judge.

PER CURIAM. This is an appeal from an order of the District Court of the United States for the Eastern District of Pennsylvania, confirming a master's report declaring Stanley Francis, the appellant, who has not yet been adjudged a bankrupt, to be a member of a certain copartnership trading as Provident Investment Bureau, and as such individually liable to the copartnership creditors. The proceeding before us cannot be treated as a petition of review. It is not confined to matters of law, but turns on questions of fact. If it can be entertained at all, it must be as an appeal. But an appeal in bankruptcy lies to this court only:

"(1) From a judgment adjudging or refusing to adjudge the defendant a bankrupt; (2) from a judgment granting or denying a discharge; and (3) from a judgment allowing or rejecting a debt or claim of five hundred dollars or over." Act July 1, 1898, c. 541, § 25a, 30 Stat. 553 (U. S. Comp. St. 1901, p. 3432).

This appeal, therefore, must be dismissed for want of jurisdiction; and it is so ordered.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes